UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| JAMAL CARTER, et al., | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| v. | )   No. 2:25-cv-00020 |
| | ) |
| OSCAR GUERRA, et al., | ) |
| | ) |
|    Defendants. | ) |

## ORDER

Before the Court are Defendants' Motion For Partial Dismissal (Doc. No. 8) and Motion to Ascertain Status of Partial Motion to Dismiss (Doc. No. 16). Defendants seek an update on the Court's consideration of its Motion For Partial Dismissal (Doc. No. 8), given it remains unopposed by Plaintiffs and the parties are continuing with discovery. (Doc. No. 16). While Defendants are correct that their pending Motion for Partial Dismissal (Doc. No. 8) remains unopposed, the Court need not rule on Defendants' Motions because Defendants have made a critical assumption: that this case has been properly removed to federal court.

Defendant Oscar Guerra ("Guerra") removed this case to federal court pursuant to this Court's purported diversity jurisdiction under 28 U.S.C. § 1332. (Doc. No. 1-2). United States District Courts are granted diversity jurisdiction over a matter "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states." 28 U.S.C. § 1332. Courts "have an independent obligation to determine whether subject-matter jurisdiction exists," including diversity jurisdiction, "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). This is necessary, because "federal courts are

courts of limited jurisdiction" that "have a continuing obligation to examine their subject matter jurisdiction throughout the pendency of every matter before them." In re Wolverine Radio Co., 930 F.2d 1132, 1137 (6th Cir. 1991). Consistent with this, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Here, it is apparent from the face of the Complaint that Plaintiffs seek damages from Defendants only "in excess of $25,000." (See Doc. No. 1-1 at 6). Because "the matter in controversy" does not "exceed[] the sum or value of $75,000," as required for diversity jurisdiction under 28 U.S.C. § 1332, Guerra's removal to this Court was improper. Accordingly, pursuant to Federal Rule of Civil Procedure 12(h)(3), this case is **REMANDED** to the Smith County Circuit Court for further proceedings. Defendants' Motion For Partial Dismissal (Doc. No. 8) and Motion to Ascertain Status of Partial Motion to Dismiss (Doc. No. 16) are **DENIED AS MOOT**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE